UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,                                      Case Number 12-11544
                                                    Honorable David M. Lawson

v.

MARATHON PETROLEUM COMPANY, LP, and
CATLETTSBURG REFINING, LLC,

        Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ENTRY OF CONSENT DECREE

On August 22, 2012, the plaintiff filed an unopposed motion to enter consent decree. The Court has reviewed the parties' submissions and finds that the decree is fair, adequate, reasonable, consistent with the underlying statute (the Clean Air Act), and consistent with the public interest. *United States v. Lexington-Fayette Urban Cnty. Gov't*, 591 F.3d 484, 489 (6th Cir. 2010); *United States v. Akzo Coatings of America, Inc.*, 949 F.2d 1409, 1426 (6th Cir. 1991). The Court will therefore grant the unopposed motion for entry of the decree.

Pursuant to 24 C.F.R. § 50.7, the plaintiff filed a notice of lodging of the consent decree, along with a copy of the decree, on April 5, 2012. The regulation requires that the decree remain lodged with the Court for no less than thirty days for public comment, prior to the entry of the decree. The plaintiff filed its unopposed motion to enter the decree on August 22, 2012, more than four months after the notice of lodging.

During the public comment period, the plaintiff received one comment, which was submitted by the Texas Oil and Gas Association. The Association commented at length regarding the relation of the consent decree requirements to existing regulations on the operation of flares at petroleum

refineries, asserting that the requirements of the decree go beyond the requirements of existing regulations. The Association also included two "requests for clarification" in its comment, ostensibly addressed to the Court, asking for a declaration that: (1) "the [consent decree] shall only apply to MPC"; and (2) "[the Environmental Protection Agency] may not use it to 'leverage' a new flaring proposal against the rest of the industry." Mot. to Enter Consent Decree, Ex. 2, at 13.

The Court declines the Association's request. The fact that the requirements of the decree may be more stringent than existing regulations supports entry of the decree, because further reduction in flare emissions by means of more stringent requirements is consistent with both the purpose of the Clean Air Act and the public interest in reducing pollution.

Moreover, the Court need not make any response or take any action on the Association's "requests," because they were not presented in a proper motion. "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b). The Association has not sought to intervene as a party to this action under Fed. R. Civ. P. 24, or by any other means, and has not filed any motion.

The scope of the decree is defined by the plain language of the decree itself and by existing law. Paragraph 117 of the consent decree states, "This Consent Decree does not limit or affect the rights of MPC or the United States against any third parties that are not party to this Consent Decree, nor does it limit the rights of third parties that are not party to this Consent Decree against MPC, except as otherwise provided by law." As the Sixth Circuit has held, "[a] consent decree binds only the parties to the settlement agreement, not the rest of the world." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 471 (6th Cir. 2008). The collateral effects of a settlement between the government and the defendants ought not, and will not, interfere with entry of the consent judgment.

Accordingly, it is **ORDERED** that the plaintiff's motion for entry of the consent decree [dkt. #4] is **GRANTED**.

                                              s/David M. Lawson  
                                              DAVID M. LAWSON  
                                              United States District Judge

Dated: August 30, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 30, 2012.

                                    s/Deborah R. Tofil  
                                    DEBORAH R. TOFIL